[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff 48, whose family name is Cyboski, and the defendant, 50, married on August 21, 1971 at Stamford, Connecticut. The court's jurisdiction is found to be based on the plaintiff's continuous residence in this state for many years.
Two children have been born issue of the marriage. The older child is an adult and the younger child, Andrea Caroline, was born April 4, 1980. The minor resides with the plaintiff. The parties have agreed on joint legal custody with reasonable visitation given the defendant.
The plaintiff had obtained a college B.A. Degree in Education and was attending Fairfield University seeking a master's degree when she married the defendant. She became employed in 1969 by the Stamford Board of Education as a teacher. She has remained so employed, is now in her 27th year of teaching and is at the top rung of her pay scale of $63,000.00. During her career she obtained her Master's Degree in 1976 and her Sixth year certificate in 1979. The plaintiff has a vested retirement which will permit her to retire after 35 years of service or at age 60 with 20 years of credited service. As of June 30, 1993 her monthly benefit at retirement was $3,643.79 monthly, (Defendant's Exhibit D). In addition, there was $8,600.00 deposited to a Health Insurance Fund for the payment of health insurance after retirement. CT Page 2583
The defendant works for the U.S. Government, assigned to the Army and Air Force branches, and part time for Army Reserve National Guard. In the past he had worked for his father in a liquor package store. His father had put the defendant's earnings in a Keogh account which now contains $15,722.00 His National Guard service generates an average of $253.00 weekly gross while his full time employment generates $841.00 weekly gross. His combined weekly net, including dividends, is $804.00, before a life insurance deduction. He has a vested pension now valued at $35,000.00 which will pay him about $940.00 monthly at age 60. It is conceded he is eligible for Social Security benefits of an unknown monthly amount.
The plaintiff attributed the breakdown in large measure to the defendant's lack of enthusiasm over having a second child. The plaintiff further asserted that defendant's attitude led the plaintiff to have a tubal ligation. The defendant's version of events is greatly at odds with plaintiff's testimony in that the defendant testified that he was unaware of the surgery before it occurred. In any event, the procedure was voluntary and the court finds no credible evidence to support the plaintiff's claim that she was compelled to undergo the surgery. The court finds no reason to allocate fault in this case based on such evidence.
The parties purchased a home on Sunnyside Avenue in Darien on May 12, 1977 for $82,000.00 utilizing $9,000.00 given to them by the plaintiff's mother. In 1986, the parties sold this home for $312,250.00 in order to buy 154 Thurton Drive in New Canaan for $332,500.00. In order to complete the purchase the defendant's mother loaned the parties $27,500.00. The transaction was memorialized in writing signed by the plaintiff, (Plaintiff's Exhibit #5). More important was the unrefuted testimony of both the plaintiff and her mother that the defendant was present at the plaintiff's mother's home when the check was delivered to the plaintiff by her mother, with the notation "Loan" (Plaintiff's Exhibit #P-2). Both parties benefited from this loan and both will now be held equally accountable for repayment.
The marriage did deteriorate from 1990 until May, 1994 when the defendant vacated the marital home. During this time, in addition to his work, he was spending more time with his father who was recovering from heart surgery.
The court has concluded that the plaintiff has the greater earning capacity, a much better retirement plan, and the better CT Page 2584 vocational skills based on a greater formal education. Each party has contributed to the acquisition and preservation of their assets, appreciation in value appearing to be mostly beyond their control. They are both in good health. Both are relatively secure in their respective occupations. In reviewing § 46b-81 and § 46b-82, Connecticut General Statutes, the court finds no basis on which to award periodic alimony to either party.
The present market value of the home is found to be $510,000.00 subject to mortgages totaling about $150,000.00, leaving an equity of $360,000.00.
Each party has medical coverage. The plaintiff's policy costs plaintiff $234.00 monthly to provide medical coverage for the minor child.
Having reviewed the evidence in light of the statutory criteria, the court enters judgment dissolving the marriage on the ground of irretrievable breakdown and the following orders may enter.
1. The parties shall have joint legal custody of their minor child with the child's principal residence with the mother and reasonable visitation to the father.
2. The defendant shall pay child support, based on the guidelines (cf. Plaintiff's Exhibit P-1), of $150.00 weekly. A contingent wage withholding order is entered.
3. The plaintiff shall continue to provide the medical coverage for the child. The defendant shall be responsible for the first $1,400.00 of the child's uninsured medical expenses during the calendar year. The parties shall bear any additional uninsured expenses incurred for the child's medical care equally.
4. The plaintiff is awarded exclusive possession of the family home until the property is sold. She shall pay the mortgage installments, taxes, homeowner's insurance, utilities and minor maintenance items not exceeding $400.00.
The property shall be listed for sale as of March 1, 1998 or sooner if the plaintiff so elects or if the plaintiff establishes another principal residence, remarries or lives with another unrelated adult person in the home. If the parties cannot agree on the terms, price, or any other relevant matter either party may CT Page 2585 move the court for clarification. The plaintiff shall not be obliged to go to closing of the home before July 1, 1996 and the listing shall so specify.
The net proceeds, after payment of all the usual items, shall be divided equally, but $13,750.00 shall then be deducted from the defendant's half and paid to the plaintiff who shall be solely responsible for repaying her mother's loan.
The contents of the house are awarded to the plaintiff.
5. The defendant shall retain ownership of the 1971 motor boat.
6. Each party shall retain the remaining assets as now owned by each of them.
7. Each party shall pay the liabilities each list on the financial affidavit of each party.
8. No allowance to prosecute is awarded. Counsel for the plaintiff shall draft the judgment file.
Harrigan, J.